# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION
# IN ADMIRALTY

| | |
|---|---|
| **Harold James Hoblick and Miriam Hoblick**<br><br>Plaintiffs,<br><br>vs.<br><br>**United States of America,**<br><br>Defendant. | Civil Action: 2:19-cv-01829-DCN<br><br><br>**Plaintiffs' Original Complaint**<br>(Non-Jury) |

COMES NOW Plaintiffs Harold James Hoblick and Miriam Hoblick ("Plaintiffs") in the above-captioned action, and, complaining of the Defendant United States of America ("Defendant"), shows this Honorable Court as follows:

## JURISDICTION AND VENUE

1. This is a case of maritime personal injury to Plaintiff Harold James Hoblick ("Mr. Hoblick") occurring within the course and scope of his employment as a maritime facility security guard, while aboard the USNS MAURY ("the Vessel"), a public vessel of the United States, operating at all times material hereto on the high seas and on the navigable waters of the United States, including the Cooper River, at or near Veterans Terminal, Detyens Shipyard, North Charleston, South Carolina.

2. This case is an admiralty and maritime claim within meaning of Rule 9(h), FRCP, and within the scope of admiralty tort jurisdiction. Plaintiffs invoke the original admiralty jurisdiction of this Honorable Court pursuant to 28 U.S.C. §1333.

3. Venue is proper in the United States District Court for the District of

1

South Carolina, Charleston Division pursuant to 28 U.S.C. §1391 because a substantial part of the events and omissions giving rise to this action occurred there.

4. This case is governed by the Suits in Admiralty Act, 46 U.S.C. §§30901, *et seq.*, the Public Vessels Act, 46 U.S.C. §§31101, *et seq.*, the Longshore Harbor Worker's Compensation Act, 33 U.S.C. §§901, *et seq.*, the General Maritime Law of the United States, and laws supplemental thereto and amendatory thereof.

## PARTIES

5. On information and belief at all times material hereto, Defendant United States of America was owner of the Vessel, which was being operated by Military Sealift Command ("MSC"), under contract with the Defendant.

6. On information and belief at all times material hereto, MSC and 2nd Assistant Engineer Travis T. Rose ("Rose") were the agents of the Defendant within the meaning of applicable law, and all of the acts and omissions alleged herein were within the course and scope of their official responsibilities as agents of the United States of America.

7. At all times material hereto, Plaintiffs were citizens of South Carolina and residents of Charleston County.

8. Plaintiffs have exhausted available administrative remedies without relief.

9. Plaintiffs assert claims against Defendant *in personam* and *in rem*.

## FACTUAL ALLEGATIONS

10. At all times material hereto, Mr. Hoblick was employed by FedSec Protective Services, Inc. ("FedSec") and Detyens Shipyards, Inc. ("Detyens") as a maritime facility security guard at the Detyens facility, Veterans Terminal, on the Cooper River, in North Charleston, South Carolina.

11. On or about July 3, 2017, the Vessel was in dry dock at Veterans

2

Terminal, while Detyens personnel made repairs to the Vessel.

12. At all relevant times, in accordance with North Charleston Fire Department regulations, and in accordance with Detyens directive, access to the piers and dry dock areas by privately owned vehicles was prohibited without special authorization.

13. One of Mr. Hoblick's duties on said date was enforcement of the prohibition against unauthorized private vehicles on the piers and dry dock areas.

14. During the course of his duties on said date, Mr. Hoblick observed an unauthorized personal vehicle park on the pier and observed Travis T. Rose ("Rose"), the driver of said vehicle, traverse the gangway onto the Vessel.

15. Mr. Hoblick followed Rose down the gangway and onto the Vessel.

16. Rose was a large brute with vicious propensities.

17. On said date, Mr. Hoblick was 65 years old; whereas Rose was approximately 20 years younger.

18. On said date, Mr. Hoblick was average build; whereas Rose was muscle-bound and outweighed Plaintiff by approximately 100 pounds.

19. On said date, Mr. Hoblick was polite, but insistent, that Rose move his personal vehicle off of the pier, but Rose became increasingly blinded with rage.

20. When Mr. Hoblick attempted to explain to Rose that fire regulations prohibited his parking on the pier, Rose "beat Hoblick like a drum" causing serious and permanent physical and mental injuries to Plaintiff, as detailed below.

21. As Rose stood over the beaten and bloodied Mr. Hoblick in a threatening and savage manner, there was a point in time when Mr. Hoblick feared for his life.

## FOR A FIRST CAUSE OF ACTION
(Negligence)

22. Plaintiffs restate the above allegations as if set forth herein verbatim.

3

23. Because Mr. Hoblick was an authorized passenger onboard Defendant's Vessel, Defendant owed a duty to exercise reasonable care for his safety.

24. Defendant breached those duties to Mr. Hoblick in one or more of the following particulars on July 3, 2017:

    (a) Defendant failed to provide Mr. Hoblick with a safe place to work and perform his duties;

    (b) Defendant failed to hire and supply the Vessel with seamen without vicious propensities;

    (c) Defendant failed to warn Detyens, FedSec, and Mr. Hoblick that Rose had vicious propensities;

    (d) Defendant failed to inform, caution, or restrict Rose from parking on the pier;

    (e) Defendant failed to properly train or supervise Rose;

    (f) Defendant failed to caution, restrict, or restrain Rose from beating and assaulting Mr. Hoblick;

    (g) Defendant failed to conduct a proper background check on Rose before hiring him;

    (h) Defendant failed to conduct routine background checks on Rose during his employment;

    (i) Defendant failed to take proper measures to control and restrain Rose;

    (j) Defendant failed to terminate Rose;

    (k) Defendant failed to maintain the Vessel in a reasonably safe condition;

    (l) Defendant failed to put in place or ensure a safe maritime environment;

    (m) Defendant failed to exercise due care under the circumstances for Mr. Hoblick's safety; and

4

(n) Such other acts and omission or breaches of duty which will be proven at trial.

25. As a direct and proximate result of Defendant's negligence and breach of duties, Mr. Hoblick sustained serious, painful and permanent injuries. To date, the injuries sustained by Mr. Hoblick as a result of the acts and omissions of Defendant have and will in the future limit and impair his enjoyment and quality of life.

26. Mr. Hoblick suffered and will in the future continue to suffer the following damages:

 (a) cervical and lumbar pain and suffering;

 (b) traumatic brain injury;

 (c) loss of memory, cognitive abilities, and brain function;

 (d) loss of range of motion;

 (e) loss of strength;

 (f) loss of balance (increased fall risk);

 (g) emotional pain;

 (h) inability to obtain a job, keep job, or earn a living;

 (i) loss of income, and loss of wage earning capacity;

 (j) loss of status;

 (k) loss of self-esteem;

 (l) medical expenses and expenses for future medical treatment;

 (m) physical pain and suffering;

 (n) mental anguish; and

 (o) such other and further losses, damages, and expenses as may come to light during discovery or may be proved upon the trial of this matter.

## FOR A SECOND CAUSE OF ACTION
(Loss of Consortium)

27. Plaintiffs restate the above allegations as if set forth herein verbatim.

28. Miriam Hoblick ("Mrs. Hoblick"), has suffered loss of consortium as a result of the injuries to her husband, Mr. Hoblick.

29. As a direct and proximate result of Defendant's negligence and breach of duties, above-referenced, Mrs. Hoblick has suffered loss of companionship and comfort from her husband.

30. As a direct and proximate result of Defendant's negligence and breach of duties, above-referenced, Mrs. Hoblick has been compelled to find employment to provide for the household; and has significantly expanded the household responsibilities, since her husband is now cognitively impaired, disabled, in pain, and unemployable.

WHEREFORE, Plaintiffs Harold James Hoblick and Miriam Hoblick respectfully request that this Honorable Court find for judgment in favor of Plaintiffs against Defendant United States of America for all legal and allowable damages arising out of Mr. Hoblick's serious injury and Mrs. Hoblick's loss of consortium; plus pre-judgment and post-judgment interest; the costs of this action; and reasonable attorneys' fees; that all expert fees be taxed as costs; and that this Honorable Court grant Plaintiffs such other and further relief, general and equitable that justice in this case may require and to which they may otherwise be entitled.

Respectfully submitted,

By: /s/ Neil D. Thomson
Neil D. Thomson, Esq.  (Fed ID #9386)
FORD WALLACE THOMSON, LLC
715 King Street
Charleston, SC 29403
843-277-2011; fax 843-614-6412
Neil.thomson@FordWallace.com

~and~

John Hughes Cooper, Esq. (Fed ID #298)
John Townsend Cooper, Esq. (Fed ID #10172)
Albert G. Bilbrey, Jr., Esq. (Fed ID #12938)
COOPER & BILBREY, P.C.
1476 Ben Sawyer Blvd., Ste. 11
Mount Pleasant, SC 29464
843-883-9099; Fax 843-883-9335
shiplaw@jhcooper.com
JTC@jhcooper.com
AGBILBREY@jhcooper.com

*Counsel for Plaintiffs*

Charleston, South Carolina

June 27, 2019

## VERIFICATION

PERSONALLY APPEARED before me Harold James Hoblick, who, first being duly sworn, deposes and says:

My name is Harold James Hoblick; I am over 18 years of age, of sound mind; and I verify this Complaint based upon my own personal knowledge and documents in my possession;

I am a Plaintiff in the above-captioned action;

I have read the Plaintiffs' Original Complaint and know the contents thereof and the same are true to the best of my knowledge, except as to the matters therein stated to be on information and belief, and as to those matter I believe them to be true.

The above statements are true and correct under penalty of perjury.

*Harold J Hoblick*
Harold James Hoblick

SWORN to and subscribed before me

this 27 day of June , 2019

*Sandie M. Broyles* (L.S.)
Notary Public for 9-21 SC
My Commission Expires: 9-21-20



8

## VERIFICATION

PERSONALLY APPEARED before me Miriam Hoblick, who, first being duly sworn, deposes and says:

My name is Miriam Hoblick; I am over 18 years of age, of sound mind; and I verify this Complaint based upon my own personal knowledge and documents in my possession;

I am a Plaintiff in the above-captioned action;

I have read the Plaintiffs' Original Complaint and know the contents thereof and the same are true to the best of my knowledge, except as to the matters therein stated to be on information and belief, and as to those matter I believe them to be true.

The above statements are true and correct under penalty of perjury.

_____
Miriam Hoblick

SWORN to and subscribed before me
this 27 day of June, 2019
_____(L.S.)
Notary Public for SC
My Commission Expires: 9-21-20

9